On Rehearing
FOURNET, Chief Justice.
When this case was originally before us we affirmed the conviction and sentence of the accused on an affidavit charging him with violation of Section 4 of Ordinance 945 of the City of Lake Charles; in granting a rehearing, we limited the same to the question of whether the section of the Ordinance was ultra vires.
The City of Lake Charles, pursuant to the authority delegated to it by Act No. 327 of 1952, LSA-R.S. 33:4851.1, adopted its Ordinance 945, in which it prohibited gambling and declared it, as thereinafter defined, to be a misdemeanor (Section 1), defined gambling (Section 2),[1] except as conducted within a bona fide private residence (Section -3), and provided that (Section 4) “any owner, proprietor, lessee or *476 tenant of any building or premises within the corporate limits of the City of Lake Charles who shall permit the existence thereon of any gambling table, gambling wheel, slot machine or of any apparatus or paraphernalia used or kept and provided to be used in unlawful gambling as herein-above defined, shall be guilty of a misdemeanor; provided further that the presence of any such article, device, apparatus or paraphernalia on said premises shall be prima facie evidence of the knowledge of the existence thereof on the part of the owner, proprietor, lessee or tenant of said premises.” The remaining sections prohibited the barring or locking of entrances to places where cards games and other contests were being engaged in, and declared the act of barring doors and entrances by the owner, proprietor or operator of the premises to .be a misdemeanor (Section 5), the stated purpose being to curb the practice of locking entrances by those engaged in gambling in order to escape detection (Section 6), and provided the penalty for violation of the above provisions (Section 7).
The defendant, relying on the rule of law well settled in our jurisprudence that a municipality has only such power as is specifically delegated to it by the Legislature, contends that in as much as the Legislature, in adopting Act No. 327 of 1952, did not specifically empower the City of Lake Charles either to prohibit possession of gambling paraphernalia or to punish for its possession, the power to do so cannot be implied, and his motion to quash should have been maintained.
On the other hand, the Attorney for the City of Lake Charles, relying on the equally well recognized rule that municipalities also have those powers which are necessarily or fairly implied in or incidental to the powers expressly conferred and may adopt such means as, in their discretion, are reasonably appropriate, incidental and necessary to accomplish the stated general purpose, contends that Section 4 of the Ordinance falls within the above rule since the power to prohibit possession of gambling paraphernalia is incidental to the power to prohibit gambling.
The object and purpose of Act No. 327 of 1952, as expressed in its title, was to authorize and empower “all incorporated municipalities in the State of Louisiana having a population of 100,000 inhabitants or less to pass laws prohibiting within said municipalities gambling or games of chance for money' or for value and to empower said municipalities to define gambling within said municipalities and to provide penalties.” 'In unambiguous terms the Legislature authorized cities of 100,000 or less (1) to prohibit gambling and (2) to define gambling, but did not authorize them to declare possession of gambling paraphernalia to be a misdemeanor; and while the power implied in and incidental to that expressly conferred might fairly include the authority to provide for confiscation *478 and destruction of apparatus and paraphernalia used in gambling as defined by the municipality, or authority to order the padlocking of the establishment in which gambling was being conducted or to declare that the owner, proprietor, lessee or tenant •of a building who knowingly permitted gambling in his establishment might be charged as a principal, clearly under the authority delegated it cannot be said that by fair implication and intendment there was included the power to prohibit possession of gambling paraphernalia, to define such possession, and to' provide punishment therefor. Section 4 of the Ordinance, which does these things, in reality describes a specific and distinct offense, the effect ■of its provisions being that any owner, proprietor, lessee or tenant of a building who has possession therein of gambling paraphernalia is guilty of a misdemeanor— 'but not the misdemeanor of gambling as ■defined in the Ordinance. This separate offense is in no way related to the offense sought to be defined and prohibited under authority of Act No. 327 of 1952, and therefore the provisions of Section 4 of the Ordinance are clearly ultra vires. The authorities relied on by the. City of Lake Charles are inapposite from a factual standpoint and are not controlling.
We think the admission of counsel for the City of Lake Charles, when queried by a member of the Court as to why he had proceeded as he did rather than prosecute the defendant, for gambling, that it was sometimes difficult ,to prove the fact of gambling, speaks eloquently for the conclusion above reached.
For the reasons assigned, the conviction and sentence are annulled and set aside, the motion to quash is maintained, and the defendant is ordered released.
HAWTHORNE, J., dissents, being of the opinion that the judgment rendered on the original hearing is correct.
HAMITER, J., dissents, adhering to written reasons originally assigned.

. “Section 2. Be it further ordained, etc., that gambling is defined to consist of any one of the following acts: (a) The intentional conducting or directly assisting in the conducting as a business of any game, contest, lottery, or- contrivance whereby a person risks the loss of anything of value in order to realize a profit. (b) The intentional betting,-wagering or risking the loss of anything of value in order to realize a profit at any table, bank, alley, lottery or-contrivance.' (c) The intentional betting, wagering or risking the loss of anything of value in order to realize a profit at any game conducted with cards, dice, dominoes or other contrivance.”